## COMMONWEALTH vs. JAMES KEENAN.

A license granted under *St.* of U. S. of 1862, *c.* 119, does not authorize the sale of intox-
icating liquors in this commonwealth, in violation of the statutes of this commonwealth.

If the defendant on the trial of an indictment against him for selling intoxicating liquors
in violation of the statutes of this commonwealth, puts in evidence a license, under *St.* of
U. S. of 1862, *c.* 119, authorizing him to sell such liquors at retail, and granted before the
act charged against him in the indictment, and in force at that time, that fact may be
taken into consideration by the jury, in determining whether or not he is guilty.

COMPLAINT for making a single sale of intoxicating liquors.

At the trial in the superior court, on appeal, before *Lord,* J.,
the defendant put in evidence a license, granted under *St.* of
U. S. of 1862, *c.* 119, authorizing him to sell liquors at retail,
and granted before the act charged against him in the indict-
ment, and in force at that time, and requested the court to rule
that this license authorized him to sell intoxicating liquors at
retail; but this request was refused. The defendant then asked
the court to instruct the jury that they were not authorized to
regard the fact that the defendant procured the license as evi-
dence tending to prove the particular sale charged against him
in the complaint. The judge substantially so ruled, but added
that he could not prevent the jury from considering that fact in
weighing the probabilities of the conflicting theories of the par-
ties as to the defendant's having made the sale as charged, the
license having been put in by him.

The jury returned a verdict of guilty, and the defendant allegeo
exceptions.

*J. M. Day,* for the defendant.

*Reed,* A. G., for the Commonwealth.

BY THE COURT. 1. The license from the United States gave
the defendant no authority to retail intoxicating liquors in viola-
tion of the laws of this commonwealth.

2. The exceptions do not show that the jury were not in-
structed that, to convict the defendant of the offence charged,
they must be satisfied beyond a reasonable doubt that he was
guilty; and we must presume that they were so instructed. In
determining whether he was guilty, circumstantial evidence,

competent in its own nature, and lawfully introduced, might certainly be considered by the jury.   As the defendant put his license in evidence, he cannot object to its competency.   What the theory of the prosecution was, or what was the theory of the defence, is not stated ; but if competent evidence made one of the theories appear more probably true, it would tend to support it, and might well be considered by the jury.   If the defendant had taken a license to sell intoxicating liquors at a certain place, it would so far show that he had made preparations to carry on the business there, and would be a circumstance somewhat similar in its nature to the putting up of his sign over the door, or procuring the ordinary implements of the traffic. The fact that the evidence was slight, and not in itself sufficient to convict, is no reason to hold it inadmissible, or entitled to no weight whatever in connection with other evidence.

*Exceptions overruled.*